No. 2629.

| 24 | 167 |
| 28 | 343 |

## DAVE LITTLEFIELD *v.* THE STATE.

1. PERJURY—EVIDENCE.—The prosecution in this case was for perjury committed upon the trial of one C. for burglary. The State was permitted to prove the testimony of the appellant before the grand jury upon the investigation of the charge against C., and his subsequent contradictory evidence upon the trial of C., and also his statements respecting the inducements under which he testified as he did upon the trial. *Held*, that the evidence was legitimate and was properly admitted.

2. SAME—PRACTICE—CHARGE OF THE COURT.—The trial court having admitted in evidence the indictment against C. for burglary, and the judgment rendered upon that trial, should, in the charge to the jury, have limited and restricted the jury to the legitimate purpose of such testimony. This omission in the charge was fatal error.

APPEAL from the District Court of Gonzales. Tried below before the Hon. George McCormick.

The conviction in this case was for perjury, and the penalty assessed was a term of seven years in the penitentiary.

The State first introduced B. R. Abernathy, who testified he was clerk of the district court of Gonzales county when Bob Carr was tried for burglary, and as such clerk he administered the oath to the witness who testified on that trial. The defendant was one of the witnesses who was sworn and he testified on that trial. Some time after the trial of Carr's case, and after this indictment was found, the witness, in conversation with the defendant about this case, asked him why he testified on the Carr trial as he did, and remarked that he ought to have kept out of such trouble. The defendant replied that Carr's friends got him drunk at the time of Carr's trial, and persuaded him to testify as he did. Witness had known the defendant a long time, and had often seen him when sober and when drunk. He was not under the influence of whisky when he testified on Carr's trial.

T. H. Spooner was the next witness for the State. He testified, in substance, that he was the district attorney of Gonzales county when the case against Carr for the burglary of the store of Brown & Peoples was tried. T. J. Ponton and W. S. Fly

were special prosecuting counsel in that case. Ponton conducted the examination of the witnesses for the State. The witness paid close attention to the testimony of all the witnesses as it was delivered. The witness knew as a fact that the defendant was sworn and testified as a witness for the defense on that trial. The witness knew also that the defendant was a witness before the grand jury when the burglary of Brown & Peoples's store was investigated, and that the defendant was specially interrogated before the grand jury as to Carr's probable connection with the burglary. He testified before that grand jury that he knew nothing about the said burglary; that, during the whole of the day previous to the burglary, he was at Albert Collins's house, killing hogs; that he went home at night, very tired, and lay down without eating supper, and went to sleep; that his wife woke him up for supper, and that he declined to eat supper because he had already eaten heartily of hog liver; that he then went to sleep, and did not leave his house until sun up on the next day, and did not see Carr during the said night which was the night of the burglary.

C. Littlefield and T. J. White, members of the grand jury which investigated the burglary of the store of Brown & Peoples, and which indicted Robert Carr for that offense, testified, for the State, substantially as did the witness Spooner as to the evidence of the defendant before the said grand jury. Littlefield testified, further, that he was present in the district court when Carr was tried for the said burglary, and heard the testimony of the several witnesses. The defendant, as a witness for the said Carr, testified on that trial, that he, this defendant, and Carr, the defendant in that trial, and one Joe Askey, played cards all night long on the night of the burglary, in the house of one James Collins; that they commenced playing before sun down, and played continuously until the next morning, and that Carr did not leave Collins's house on that night, and could not have been at the store of Brown & Peoples when it was burglarized. Messrs. Ponton & Fly, private prosecutors on the trial of Carr, testified substantially as did C. Littlefield, as to what the defendant testified on that trial.

The State next introduced in evidence the indictment against Carr for the burglary of the store house of Brown & Peoples, and the judgment of conviction rendered upon the verdict returned upon the trial of the said Carr.

Albert Collins testified, for the State, that the defendant came

to his house early on the day before the burglary of Brown & Peoples's store, and helped him to kill hogs. He worked with witness until night, when he went off, saying that he was going home. He returned early on the next day, and helped witness salt the meat.

The motion for new trial raised the questions discussed in the opinion.

No brief for the appellant.

*Walter Weaver*, for the State.

WHITE, PRESIDING JUDGE. Appellant was convicted in the lower court upon an indictment charging him with having committed perjury as a witness on the trial of one Carr in the district court for the crime of burglary. Only two of the several questions presented are deemed worthy of notice.

Several witnesses were introduced by the prosecution, and over objection of defendant were permitted to prove statements and declarations made by defendant before the grand jury, where he appeared as a witness at the time they were investigating the Carr case, and subsequently to the trial in said case, with reference to the reasons and inducements which actuated him to testify as he did on said trial. This testimony was legitimate upon the issue being tried, to wit, perjury in the Carr case, and tended to prove said perjury by showing contradictory evidence in the grand jury to that given by defendant at the trial in the district court, and also statements tantamount to admissions that his evidence in Carr's case in the district court was not the truth. It was properly admitted.

Upon the other question, counsel representing the State on this appeal admits that the error complained of is well assigned under previous adjudications. It is this: On the trial the State introduced in evidence the indictment and judgment in the Carr burglary case, wherein it was charged that appellant committed the perjury in this case. In the charge to the jury the court failed and omitted to limit and restrict the jury as to the legitimate purposes of this testimony. This was fatal error. (Davidson v. The State, 22 Texas Ct. App., 373; Washington v. The State, 23 Texas Ct. App., 336; Maines v. The State, Id., 568.)

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*